UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14110-CIV-MARTINEZ/LYNCH

RALPH P. RICHARD,

    Plaintiff,

v.

LAW OFFICE OF BENJAMIN T. HODAS, LLC,
BENJAMIN T. HODAS, AND SANDRA T. RICHARD,

    Defendants.
_____/



FILED by _____ D.C.

SEP - 9 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS COMPLAINT (DE 14) AND ON PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (DE 29)

**THIS CAUSE** comes before this Court upon the above Motions. Having reviewed the Motion to Dismiss, Response, and Reply, and having reviewed the Motion for Leave to File Second Amended Complaint and Response thereto, without awaiting a Reply since this Court finds that it should be granted, this Court recommends as follows:

    1. As pled in his First Amended Complaint, the Plaintiff avers that he and his wife, Defendant Sandra Richard, shared a marital home which they rented. On or before February 19, 2010, his wife, her divorce attorney, Benjamin Hodas, Esq., and Mr. Hodas' law firm, conspired to deny him access to that home as well as to deprive him unfettered access to his children. They did so in a way that denied him due process, i.e., without notice

and hearing.

2. The Plaintiff avers that the Defendants waited until he was in Ft. Myers. (The Plaintiff regularly goes there on business.) When the Plaintiff went to Ft. Myers on February 19, 2010, the Defendants filed a complaint for dissolution of marriage in the Circuit Court for Martin County. (For the sake of clarity and in order to highlight the appropriate forum for the Plaintiff's divorce-related claims, this Court refers to the circuit court as the "divorce court".) The Plaintiff contends that the dissolution complaint falsely portrays he and his wife as "geographically separated". He contends further that it falsely represents an agreement giving his wife exclusive control over the marital home as well as "exclusive and primary custody of their children since 2006". His wife changed the locks on the marital home while he was away.

3. The summons that the Defendant lawyer and law firm prepared used the Plaintiff's Ft. Myers address. The Ft. Myers address was their former martial home, and it still belonged to the Plaintiff. However the property now is uninhabitable, lacking a kitchen sink, stove, oven, cooking utensils, and most of its flooring, and is used "only for his remaining Fort Myers business." That night, at his wife's suggestion, the Plaintiff stayed in Ft. Myers; the Plaintiff does not say where he stayed.

4. The Plaintiff avers that the Defendants "accomplish[ed] their illegal plan with the cooperation and assistance of a local Florida Certified Process Server." The process server filed the complaint and summons with the state Clerk of Court. The Plaintiff's First Amended Complaint is vague as to the time and location of service of process on him, although it suggests that it occurred locally and not in Ft. Myers. The purpose of his Second Amended Complaint is to respond to the Motion to Dismiss. The Plaintiff uses his Second Amended Complaint to add information regarding the service of process on him. There he avers that the process server did attempt service on him in Ft. Myers but was unsuccessful. Instead the process server served him at the Defendants' law office in Palm Beach County when he appeared there to attend a Court-order scheduling conference.

5. In addition to the § 1983 claim discussed above, the Plaintiff brings a count of "Ejectment" and seeks a writ of possession to restore access to his marital home and personal property. He also brings a count of Intentional Interference in Marital Relations against the law firm Defendants.

6. Owing to its close connection with the ongoing divorce case, the Defendants move to dismiss the instant federal action for lack of subject matter jurisdiction, abstention, and litigation privilege. The Defendants also seek dismissal of the Complaint for failure to state a claim. (For ease of reference

this Court refers to the First and Second Amended Complaints collectively as the "Complaint".)

7. This Court begins with the jurisdiction issue first since the question of jurisdiction, and by extension, abstention, should be answered first. See Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1242 (11th Cir. 2003). See also, Rule 12(h)(3) (obliging a court to ensure that it has jurisdiction over the case before it). The Defendants' jurisdictional challenge amounts to a factual attack. Therefore this Court does not look beyond the averments in the pleadings and gives him the benefit of a Rule 12(b)(6) standard of review. See Morrison v. Amway Corp., 323 F.3d 920, 925, n.5 (11th Cir. 2003).

8. The Defendants contend that two principles preclude the Plaintiff from raising his claims in this Court. First, a federal district court lacks original jurisdiction to hear a domestic relation dispute. See Wilkins v. Rogers, 581 F.2d 399, 4023 (4th Cir. 1978) (explaining that "[i]t has long been held that the whole subject of domestic relations belongs to the laws of the state and not to the laws of the United States."). The Defendants contend the instant lawsuit essentially states a domestic relations dispute. Second is the doctrine of Younger Abstention which, as expanded, now precludes a federal district court from ruling in a way that would interfere with an ongoing state court proceeding. This Court will consider the Wilkins-based and

Younger Abstention arguments jointly together.

9.   The abstention doctrine, generally speaking, addresses those situations where state interests outweigh federal adjudication. At issue here is Younger Abstention. As originally formulated, Younger Abstention refrained a federal court from enjoining a state criminal court proceeding, but it has expanded to apply to all pending state proceedings, both criminal and civil, where state interests are involved. See Beth Shankle Anderson, "Our Federalism", The Younger Abstention Doctrine and its Companions, The Fla. Bar J., Nov. 2007, at 9. Younger Abstention takes into account the notions of comity and federalism, the sufficiency of a state's interest in its proceeding, and the ability of a state forum to adjudicate federal constitutional claims.

10.   The Defendants cite the case of 31 Foster Children v. Bush, 329 F.3d 1255 (11th Cir. 2003) for the standard for applying Younger Abstention. That case set out three criteria to consider. First is whether the state proceeding implicates important state interests. This is met here because, as Wilkins establishes, family matters are the province of state, not federal, law. Second is whether the state court proceeding offers the Plaintiff an adequate forum in which to raise his federal constitutional challenges. With regard to this point, the law presumes that state court will accord an adequate remedy. See

Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987). The Plaintiff's argument against this presumption is that the range of issues that the state divorce court hears is limited to family law matters; it is not a court of general jurisdiction. The Defendants reply that the courts of law and equity were combined in the creation of Florida's modern circuit courts, thereby giving the divorce court the jurisdiction to hear the Plaintiff's claims. Neither party addresses this point further, but this Court notes that in the case of Shuler v. Meredith, 144 Fed.Appx. 24 (11th Cir. 2005), the Eleventh Circuit presumed that a Florida state court in a child dependency proceeding could hear the plaintiff's § 1983 due process claim. Thus the Plaintiff fails to show the unambiguous authority that Pennzoil requires to overcome the presumption favoring the adequacy of the state court forum.

  11. The third criterion for the exercise of abstention is the presence of an ongoing state judicial proceeding. The Complaint, which discusses the Defendants' act of filing for divorce, necessarily implies an ongoing proceeding. This criterion also requires a finding that relief in this Court on the Plaintiff's present Complaint would interfere with the state proceeding. It is true that the relief the Plaintiff requests here, if granted, would have no direct affect on the proceedings, themselves. The Plaintiff is not asking this Court to enjoin or oversee that state court proceeding. See, e.g., Evans v.

Echeverri, 2010 WL 144987 (N.D.Fla. 2010) (challenging the county's authority to bring proceedings against him and seeking in part federal oversight of the county's child support program), Christman v. Crist, 315 Fed.Appx. 231 (11th Cir. 2009) (complaining that the witness rates paid in indigent state criminal proceedings are delaying his DUI trial). This case, in which the Plaintiff seeks restoration of unfettered access to the marital home and family, nevertheless intrudes on the state divorce court's ability to adjudicate those same issues.

12. In his Response, the Plaintiff endeavors to distinguish on their facts the abstention cases on which the Defendants rely. In some ways the instant case does not present the typical abstention situation, but any such difference only brings this case closer to Wilkins. Those same reasons that make this case less like the typical abstention situation are the same reasons why the Plaintiff raises what are essentially divorce issues. In other words, it is less that this Court should refrain from hearing his federal claims and more that the Plaintiff raises no real federal claim in the first place.

13. The Plaintiff vigorously asserts that his § 1983 claim for the deprivation of property, family, and due process is a legal issue entirely unrelated to the divorce proceeding. However he offers no persuasive argument or case law to support his contention, much less to demonstrate how his claim states

anything but a divorce court issue. Questions of access to the marital home and children as well as the state of the marriage, itself, which his Complaint generally implicates, are the very essence of a divorce court proceeding.

14. The Plaintiff raises additional arguments in order to avoid abstention. He alleges that the Defendants' conspiracy technically began before the dissolution complaint was filed and hence before the commencement of the state court proceeding, but this particular argument is tenuous. Indeed the Plaintiff's statement that the very purpose of the conspiracy was to obtain an advantage in the divorce contradicts that argument. The Plaintiff fears that this Court's exercise of abstention will result in the dismissal of his § 1983 claim and hence deny him the opportunity at redress. This fear is allayed by the fact that the present circumstances warrant dismissal without prejudice. The Plaintiff fears that the state court will be unable to redress within the divorce context the wrongs alleged here, but this seems unlikely. The divorce court can just as easily consider the sufficiency of service of process. Indeed the Defendants state in their Response to the Motion to Leave that the divorce court already has found service of process on him to be proper (although technically this statement falls outside the scope of the pleadings). As for his complaints regarding access to the marital home and personal property, access to his

children, and the general propriety of the dissolution proceedings brought against him, including whether he has been accorded the due process provided under Florida family law, the divorce court is actually the better court to hear them.

15. As noted above, the Plaintiff's § 1983 claim does not present the typical need for abstention since the requested relief does not seek interference with the divorce proceeding, itself. However the abstention analysis does show how it raises what are in essence divorce court issues, in terms of both substantive, family law issues such as division of property and child custody and more procedural or ancillary issues such as due process and how the Defendants are pursuing the divorce. Consequently this Court recommends that the § 1983 claim be dismissed, not such much as a function of abstention, but rather for failure to invoke federal subject matter jurisdiction in the first place. Cf. Martyak v. Martyak, 378 F.Supp.2d 1365 (S.D. Fla. 2005) (applying the Rooker-Feldman Doctrine to remand a divorce proceeding back to state court). The § 1983 claim therefore should be dismissed without prejudice to raising his claims before the state circuit court conducting the divorce proceeding.

16. The Defendants raise two other defects with the Plaintiff's § 1983 claim. They invoke the absolute immunity that the litigation privilege affords for statements and actions by

participants and lawyers during the course of a judicial proceeding. They also claim that the Plaintiff fails to state a necessary element of a § 1983 claim: action taken by a state actor. As this Court finds with respect to the Plaintiff's claim of insufficient service of process, this Court finds that the state court is in equal position to judge these defenses raised by the Defendants. However this Court refrains from resolving these issues now since it lacks subject matter jurisdiction.

17. This Court likewise refrains from resolving the Defendants' arguments that the Plaintiff fails to state his other claims for relief. First the Plaintiff's claims of intentional interference in marital relations and ejectment raise issues that, like the § 1983 claim, more properly should be considered by the divorce court. To the extent they are state law claims separate and apart from the divorce proceeding, the dismissal of the § 1983 count leaves this Court with no independent federal jurisdiction by which to exercise supplemental jurisdiction over them. Cf. Evans, 2010 WL 144987 at *10.

**ACCORDINGLY**, this Court recommends to the District Court that the Plaintiff's Motion for Leave to File Second Amended Complaint be **GRANTED**. Because the Second Amended Complaint does not affect the issues raised in the Motion to Dismiss, it does not render the Motion to Dismiss moot and leaves this Court free to consider the Motion to Dismiss.

This Court recommends that Defendants' Motion to Dismiss be **GRANTED** for lack of federal subject matter jurisdiction without prejudice to raising the claims in the divorce court proceeding. Because the lack of subject matter jurisdiction stems from the very nature of the Complaint, the defect cannot be overcome by re-pleading. Therefore this Court recommends that the Complaint be dismissed without leave to amend.

The parties shall have **fourteen (14) days** from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 9th day of September, 2010.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
    Merry E. Lindberg, Esq.
    Ralph P. Richard, pro se