UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Fort Pierce Division

Case Number:10-14110-CIV-MARTINEZ-LYNCH

RALPH P. RICHARD,

    Plaintiff,

vs.

FISHER & BENDECK, P.A., and SANDRA T. RICHARD,

    Defendants.
_____/

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Frank Lynch, United States Magistrate Judge for a Report and Recommendation on all pretrial proceedings **(D.E. No. 31)**. The Magistrate Judge filed a Report and Recommendation **(D.E. No. 34)** recommending that Defendants' Motion to Dismiss **(D.E. No. 14)** should be granted and the case should be dismissed. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present.

### I. Factual and Procedural Background

In this case, the Plaintiff Ralph Richard[1] has brought an action against his spouse and her attorneys for a violation of his due process rights pursuant to 42 U.S.C. § 1983 and for state law

---

[1] The Plaintiff is proceeding *pro se*. He is, however, an attorney admitted to the Southern District of Florida; therefore, the Court will not hold him to the less stringent standard of review usually afforded *pro se* litigants.

claims of intentional interference in marital relations and ejectment. All these claims derive from the fact, alleged in Plaintiff's complaint, that Defendants Sandra Richard and her attorneys arranged to bar Plaintiff from their marital residence. Rather disingenuously, Plaintiff asserts that his claims are entirely unrelated to the pending divorce proceedings.

Plaintiff's complaint, which the Court will accept as true for the purposes of considering this motion, asserts that Plaintiff and his wife reside in a rented marital home[2] in Palm City, Florida. Plaintiff also possesses a home in Fort Myers, which he uses for Fort Myers business and which lacks certain important fixtures, such as a kitchen sink, stove, and oven. While out of town in Fort Myers on business, Defendant Sandra Richard and her attorneys filed a complaint for the dissolution of marriage in Florida state court and included a summons that listed the Fort Myers address as Plaintiff's only address. Plaintiff asserts that in doing so, Defendants conspired with an unidentified Florida Certified Process Server.[3] Plaintiff returned home to discover that the locks in the marital residence had been changed, and he was therefore deprived of access to his residence, his personal property, and his children before he had an opportunity to be heard. Plaintiff has requested a writ of possession delivering him the marital home and his personal property. He has also demanded that he be "restored . . . to his family" and requested damages.[4]

---

[2] Defendants assert that in the filings in the pending divorce case between Plaintiff and Defendant Sandra Richard, Plaintiff has acknowledged that the lease on the rented marital home is in Defendant Sandra Richard's name only. This fact is not alleged in the complaint in this case, however.

[3] The Court notes that, despite this allegation, Plaintiff has not brought any claims for conspiracy or for fraud.

[4] The Court notes that Plaintiff has moved to file a second amended complaint in this case. The additional allegations he has proposed adding to his complaint are not relevant to the Court's analysis, however.

## II. Analysis

In his Report and Recommendation, Magistrate Judge Lynch addressed the issues of abstention and subject matter jurisdiction together. For the purpose of addressing Plaintiff's objections, the Court will not conflate those two analyses.

### A. Subject Matter Jurisdiction and the Domestic Relations Exception

Citing *Wilkins v. Rogers*, 581 F.2d 399 (4th Cir. 1978), Defendants have asserted that federal courts may not exercise original jurisdiction over domestic relations cases. *See Wilkins v. Rogers*, 581 F.2d 399, 403 (4th Cir. 1978) (citing *In re Burrus*, 136 U.S. 586, 593-94 (1890)) ("It has long been held that the whole subject of domestic relations belongs to the laws of the state and not to the laws of the United States."). After the *Wilkins* case was decided, however, the Supreme Court expressly held that "the domestic relations exception [to federal jurisdiction] encompasses only cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992).

In this case, the Plaintiff is not seeking or opposing a divorce decree or alimony. He has asserted, pursuant to his § 1983 due process claim, that he has been deprived of access to his children, and he has requested relief in the form of "restor[ation] to his family." Plaintiff's sole federal claim may therefore require the Court to venture into issues of child custody or, at the least, child visitation.

In this case, however, Plaintiff has not stated the basis for this Court's jurisdiction. He certainly has not asserted any basis for diversity jurisdiction. He appears to have brought this case pursuant to 28 U.S.C. § 1331 on the grounds that his § 1983 claim for due process violations states a claim arising under the Constitution. "*Ankenbrandt* was a diversity case; it is unsettled

whether the 'domestic relations' exception applies to cases that raise a federal question." *Tomas v. Gillespie*, 385 F. Supp. 2d 240, 243 n. 2 (S.D.N.Y. 2005). Indeed, *Ankenbrandt*'s reasoning was tailored to the diversity statute, 28 U.S.C. § 1332, and the Supreme Court concluded that the domestic relations exception was not constitutional in nature. *Ankenbrandt*, 504 U.S. at 697-701. Persuasive but not controlling cases arising in the Eleventh Circuit have occasionally applied the domestic relations exception to cases that lack diversity jurisdiction. *See Moussignac v. Georgia Dept. of Human Resources*, 139 Fed. Appx. 161, 161 (11th Cir. 2005) (affirming dismissal of a non-diversity case involving child support payments for lack of subject matter jurisdiction and abstention despite the claims of one party involving the violations of his rights under the bankruptcy code), *Alabama v. Huffaker*, No. 08-680-KD-C, 2009 WL 197806, at *5 (S.D. Ala. Jan. 26, 2009) (remanding non-diversity case involving child support payments based in part upon the domestic relations exception).

Because the reasoning the Supreme Court used in *Ankenbrandt* to justify the existence of the domestic relations exception was clearly linked to diversity jurisdiction, *see Ankenbrandt*, 504 U.S. at 697-701, this Court cannot conclude that the domestic relations exception precludes subject matter jurisdiction over Plaintiff's claims. The Court will nonetheless consider Defendants' abstention argument. "[E]ven though subject-matter jurisdiction might be proper" because the domestic relations exception does not apply, "sufficient grounds [may] exist to warrant abstention from the exercise of that jurisdiction." *Ankenbrandt*, 504 U.S. at 704.

### B. Abstention

This case is due to be dismissed pursuant to the abstention doctrine of *Younger v. Harris*,

401 U.S. 37 (1971), because of the divorce proceedings in progress in state court.[5] Pursuant to the abstention doctrine, "in exceptional cases federal courts may and should withhold equitable relief to avoid interference with state proceedings." *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (citing *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989)). In deciding whether to apply *Younger* abstention, the Court must consider three factors from *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982): 1) do the state proceedings "constitute an ongoing state judicial proceeding"; 2) do the proceedings "implicate important state interests"; and 3) is there "an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Children*, 329 F.3d at 1274 (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. at 432). In his objections to the Report and Recommendation, Plaintiff has not contested that his divorce proceedings constitute an ongoing state judicial proceeding.

The Eleventh Circuit has held that "an essential part of the first *Middlesex* factor in *Younger* abstention analysis is whether the federal proceeding will interfere with an ongoing state court proceeding." *31 Foster Children*, 329 F.3d at 1276. "In order to decide whether the federal proceeding would interfere with the state proceeding, we look to the relief requested and the effect it would have on the state proceedings." *Id.* In this case, Plaintiff's contentions notwithstanding, divorce proceedings necessarily deal with questions such as marital assets (contrary to Plaintiff's assertion, a lease conveys a property interest in the marital home and that property interest may be assigned to a spouse pursuant to the dissolution of a marriage) and the

---

[5] The Court notes that it is conducting this abstention analysis with respect to the Plaintiff's sole federal claim, because that claim is the only basis for federal jurisdiction apparent in Plaintiff's complaint.

custody of children. Child custody in particular is an issue that must be resolved during divorce proceedings. If this Court entertains Plaintiff's claims related to the marital home and child custody, it would interfere with the state court's ability to deal with the same issues. Accordingly, the Plaintiff is "seeking relief that would interfere with the ongoing state dependency proceedings by placing decisions that are now in the hands of the state courts under the direction of the federal district court." *Id.* at 1278; *see also Begum v. Miner*, 213 F.3d 639, 2000 WL 554953, at *3 (5th Cir. Apr. 20, 2000) (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 727 (1996)) ("[w]hile the [plaintiffs] characterize their claims as involving constitutional due process questions, it is fair to say that any such federal questions are 'entangled in a skein of state law that must be untangled before the federal case can proceed.'").

With respect to the second *Middlesex* factor, child custody and the assignment of marital assets during a divorce implicate important state interests. *See Ankenbrandt*, 504 U.S. at 703-04 ("Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and deployment of social workers to monitor compliance.").

With respect to the third *Middlesex* factor, Plaintiff bears the burden of showing that the state proceedings do not provide an adequate forum for his federal claim. *Butler v. Ala. Judicial Inquiry Comm'n*, 261 F.3d 1154, 1159 (11th Cir. 2001). Plaintiff can overcome the presumption that state proceedings are adequate "only by demonstrating that the state court remedies are inadequate." *Shuler v. Meredith*, 144 Fed. Appx. 24, 26 (11th Cir. 2005) (citing *31 Foster Children*, 329 F.3d at 1279). In this case, Plaintiff has not demonstrated that the state court cannot provide him with possession of the marital home, custody of his children, and damages. Although Plaintiff asserts he has brought claims against individuals, such as his wife's divorce

attorneys and the unidentified Florida process server, who are not currently parties to the divorce proceedings, he has not demonstrated that he cannot seek relief against them in the state proceedings. Accordingly, he has not met his burden on the third *Middlesex* factor, and *Younger* abstention is appropriate. It is

**ADJUDGED** that United States Magistrate Judge Lynch's Report and Recommendation **(D.E. No. 34)** is **AFFIRMED** and **ADOPTED** in part, for the reasons stated above. Accordingly, it is

**ADJUDGED** that

1. This case is DISMISSED.

2. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 24 day of January, 2011.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record
Ralph P. Richard, *pro se*